UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4479 |
| | § | |
| WILLIE G'S POST OAK, INC., and | § | |
| LANDRY'S RESTAURANTS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery Responses (Dkt. #18). The Court, having considered the motion, the response, and the applicable law, is of the opinion that the motion should be GRANTED in part and DENIED in part.

## Background

This is a sexual harassment and retaliation case. On August 18, 2005, Plaintiff served Defendant Willie G's with interrogatories and requests for production. On September 19, 2005, Defendant responded to these discovery requests with answers and objections. On September 28, 2005, Plaintiff requested that Defendant supplement its discovery responses, which Defendant apparently had not done at the time Plaintiff filed this motion on October 26, 2005. Since Plaintiff filed his motion, however, Defendant has supplemented the responses twice—on November 9, 2005 and November 23, 2005. Defendant has also requested that Plaintiff enter into a proposed protective order in order to address some of Defendant's confidentiality objections that are currently at issue. There is no indication at this point whether Plaintiff has agreed to the protective order, or whether Defendant's supplementation has resolved any of the disputed matters.

**Discussion**

Plaintiff complains that Defendant has improperly objected to and/or only partially answered Interrogatories Nos. 5(c), 5(d), 6, 7, 8, 9, 12, 13, 17, and 18. Additionally, Plaintiff contends that Defendant has improperly objected to and/or partially answered Plaintiff's Request for Production Nos. 2, 14, 15, 16, and 20. The Court will address each of these below.

**1.     Interrogatory Nos. 5(c) and 5(d)**

Plaintiff seeks certain information relating to the investigation of Plaintiff's sexual harassment complaint. Defendant contends that it has now answered the interrogatories posed. Additionally, Defendant submits that it has produced business records that contain the answers, which Defendant argues is sufficient as an answer to Plaintiff's discovery request pursuant to Federal Rule of Civil Procedure 33(d). To the extent that Defendant has not already answered or that the answer is not readily available to Plaintiff in the business records previously produced, Plaintiff's motion is GRANTED as to Interrogatory Nos. 5(c) and 5(d).

**2.     Interrogatory No. 6**

Plaintiff seeks information relating to the identity of other male employees employed by Defendant Willie G's within the past five years who worked with the alleged harasser. Defendant asserts that it has already responded in part to this request. Defendant, however, seeks the entry of a protective order before providing all of the personnel information of its employees. The Court agrees that a protective order is appropriate as to this private information. Plaintiff's motion is GRANTED as to any information not already produced that does not constitute private personnel information regarding Defendant's employees or former employees. As to the private employee information, Defendant shall produce this information subject to Plaintiff entering into a protective

order insuring the confidentiality of the applicable information.

**3.      Interrogatory Nos. 7, 8, and 13**

Plaintiff requests certain formation relating to the alleged sexual harasser in this case. Defendant asserts that it has complied with this request by providing a business record pursuant to Rule 33(d) that will answer the questions posed by Plaintiff. Defendant argues that the business record has only been redacted to conceal certain personal information of the alleged harasser. Given the representations made by Defendant in its response, the Court agrees that the redactions are appropriate. To the extent, however, that Defendant has not already complied with Plaintiff's request or that the information requested is not readily available in the relevant business record, Plaintiff's motion is GRANTED as to these Interrogatories.

**4.      Interrogatory No. 9**

Plaintiff seeks information regarding the decision to terminate his employment. Defendant indicates that it has provided this information through supplementation. To the extent that Defendant has not already complied with Plaintiff's request, Plaintiff's motion is GRANTED as to this Interrogatory.

**5.      Interrogatory No. 15**

Plaintiff seeks information regarding the number of employees employed by Defendant. Plaintiff's motion is GRANTED as to this Interrogatory.

**6.      Interrogatory No. 17**

Plaintiff seeks information relating to the relationship between the corporate defendants. Defendant seeks the entry of a protective order before providing the requested information. The Court agrees that a protective order might be appropriate as to at least some of this information.

Therefore, Defendant shall produce this information subject to Plaintiff entering into a protective order insuring the confidentiality of the applicable information.

**7.      Interrogatory No. 18**

Plaintiff seeks to clarify the actual name of his employer.  Defendant submits that they have already fully answered this Interrogatory.  To the extent that Defendant has not already complied with Plaintiff's request, Plaintiff's motion is GRANTED as to this Interrogatory.

**8.      Request No. 2**

Plaintiff seeks production of the personnel file of the alleged harasser.  Defendant contends it has have complied with the request since the filing of Plaintiff's motion except for redacting certain personal information of the alleged harasser.  Given the representations made by Defendant in its response, the Court agrees that the redactions are appropriate.  To the extent, however, that Defendant has not otherwise complied, Plaintiff's motion is GRANTED in this respect.

**9.      Request No. 14**

Plaintiff seeks the production of Defendant's annual financial reports.  Defendant contends that it has complied with the request since the filing of Plaintiff's motion, except for providing the annual financial report for 2005, which Defendant submits has not yet been created.  Although Defendant cannot produce that which does not exist, Plaintiff's motion is GRANTED as to this request to the extent that Defendant have not already complied.

**10.     Request No. 20**

Plaintiff seeks the year-end balance sheets of Defendant.  Defendant seeks the entry of a protective order before providing the requested information.  The Court agrees that a protective order is appropriate as to this information.  Therefore, Defendant shall produce this information

subject to Plaintiff entering into a protective order insuring the confidentiality of the applicable information.

**11.     Request No. 15**

Plaintiff seeks production of Defendant's personnel manual or employee handbook. Defendant contends that it has produced portions of the requested material, and will produce the additional portions subject to Plaintiff agreeing to a protective order. The Court agrees that a protective order might be appropriate as to this information. Therefore, Defendant shall produce the remaining information subject to Plaintiff entering into a protective order insuring the confidentiality of the applicable information.

**12.     Request No. 16**

Plaintiff seeks production of a "reservation of rights" letter from Defendant's insurer. Defendant has apparently responded that no such letter exists. Because Defendant cannot produce a letter it does not have, Plaintiff's motion is DENIED as to Request No. 16.

### Conclusion

For the reasons described above, Plaintiff's motion is GRANTED in part and DENIED in part. With regard to the items and information not already produced and not deemed confidential, Defendant shall produce the items and information requested in accordance with this Order within ten (10) days. That information deemed confidential shall be produced by Defendant within ten (10) days after a protective order has been entered in this case.

It is so ORDERED.

Signed this 12th day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE