UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4479 |
| | § | |
| WILLIE G'S POST OAK, INC., and | § | |
| LANDRY'S RESTAURANTS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendants' Motion for Leave to File First Amended Answer (Dkt. #50). Having considered the motion, the response, and the applicable law, the Court is of the opinion that the motion should be GRANTED in part and DENIED in part.

### Background

This is an employment discrimination and retaliation case. Pursuant to this Court's scheduling order, the deadline for filing amended pleadings was June 30, 2005. *See* Dkt. #11. Although the original discovery deadline was January 31, 2006, the Court agreed to extend the discovery period until March 1, 2006 at the unopposed request of Defendants. *See* Dkt. #44. Defendants filed the motion currently before the Court on March 9, 2006. At the time the motion was filed, docket call to set this case for an April trial date was less than three weeks away. *See* Dkt. #47 (setting docket call for March 28, 2006).

### Discussion

In its motion, Defendants seeks to amend their answer in order to incorporate two additional affirmative defenses. First, Defendants seek to add a defense based on "after acquired evidence" of Plaintiff's failure to disclose certain facts on his employment application. Second, Defendants seek to add a defense to Plaintiff's retaliation claim that no causal link exists between the adverse employment decision and the protected activity because the individual making the employment decision was not aware that Plaintiff had filed a sexual harassment claim.

In response, Plaintiff argues that Defendants' attempt to assert an "after acquired evidence" defense is untimely because Defendants learned of the factual basis underlying this defense at Plaintiff's deposition on September 20, 2005, and have offered no excuse for the six month delay. As to Defendants' second offered defense, Plaintiff argues that the amendment should not be allowed because evidence establishes a different decision maker than the individual now alleged in Defendants' motion. Thus, Plaintiff asserts that allowing such an amendment would be futile.

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has noted, however, that leave to amend "is by no means automatic." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *rev'd on other grounds on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (per curiam)). Instead, the decision "lies within the sound discretion of the district court." *Little*, 952 F.2d at 846. The court may consider a number of factors in exercising this discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and whether the amendment would be futile. *See Foman*, 371 U.S. at 182. Additionally, the court may impose conditions on the leave to amend, including the requirement that the moving party revise the amended pleading in accordance with the court's instructions. *See, e.g., Kuntz v. New York State Bd. Of Elections*, 924 F. Supp. 364, 366-68 (N.D.N.Y. 1996).

As to Defendants' request to include an "after acquired evidence" defense, the Court concludes that the request is untimely. As Plaintiff notes, additional discovery would likely have to be conducted in order for Plaintiff to avoid the prejudice that would flow from such a late amendment. Given that the case is nearing trial and that the discovery deadline, which was already extended once at Defendants' request, has passed, additional discovery would cause undue delay. Moreover, the Court cannot discern, nor have Defendants offered, any justification for the delay in seeking such an amendment given that the

basis for the defense was uncovered in Plaintiff's deposition testimony, which Defendants took on September 20, 2005. Under these circumstances, the Court finds that allowing an amendment to include this defense is unwarranted.

With respect to Defendants' second requested defense, however, the Court will allow the amendment. The *sole* ground upon which Plaintiff contests this amendment is its futility. Specifically, Plaintiff asserts that Stuart Snow, who was deposed within the extended discovery period on February 22, 2006, is not the ultimate decision maker, and therefore, the amendment would be futile. Plaintiff contends that Eric Kresse made the decision to terminate Plaintiff, which Plaintiff maintains is reflected by Defendants' own documents. While it appears that Kresse signed the document that officially reflects Plaintiff's termination, there also appears to be some evidence that suggests that Snow terminated Plaintiff. Thus, the Court cannot say conclusively at this point that the amendment would be futile, and in the absence of objections by Plaintiff to this amendment on other grounds, the Court concludes that an amendment to include this defense is proper under the lenient standards reflected in Rule 15.

## Conclusion

Defendants' Motion for Leave to File First Amended Answer is GRANTED in part and DENIED in part. Defendants shall submit within five (5) days from the date of entry of this Order an amended answer that conforms with the reasoning outlined above.

It is so ORDERED.

Signed this 28th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE