IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
SEP 15 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| DAVID THOMAS, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-04-4479 |
| § | (JURY TRIAL DEMANDED) |
| WILLIE G'S POST OAK, INC. and § | |
| LANDRY'S RESTAURANTS, INC., § | |
|     Defendants. § | |

# CHARGE TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of the case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider

2

whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to your memory. If your memory should differ from your notes, then you should rely on your

memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to a greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## CLAIMS OF SEXUAL HARASSMENT

David Thomas claims he was sexually harassed by his supervisor, Eric Kresse, and that his employer, Brenner's Steakhouse, is responsible for the harassing conduct.

Brenner's Steakhouse denies David Thomas's claims and contends that the alleged conduct did not occur; or if it did, the conduct was not so severe or pervasive to alter the terms or conditions of David Thomas's employment, or to create a hostile or abusive work environment. Further, Brenner's Steakhouse claims that it maintained a non-harassment policy, and that David Thomas failed to take advantage of this policy.

It is unlawful for an employer to discriminate against an employee because of the employee's sex. This includes sexual harassment. Sexual harassment is unwelcome conduct that is based on plaintiff's sex.

For Brenner's Steakhouse to be liable for sexual harassment, the conduct must be sufficiently severe or pervasive to alter the terms of conditions of David Thomas's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of David Thomas's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it

unreasonably interferes with David Thomas's work performance. There is no requirement that the conduct be psychologically injurious.

Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Sexual harassment may include extremely insensitive conduct because of sex. Simple teasing, offhand comments, sporadic use of offensive language, occasional gender-related jokes, and isolated incidents, unless extremely serious, will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature in the workplace may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both David Thomas's perspective and from the perspective of a reasonable person. First, David Thomas must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable

person in the same or similar circumstances as David Thomas would find the conduct offensive.

If you find David Thomas was sexually harassed, then you must find for David Thomas unless Brenner's Steakhouse proves by a preponderance of the evidence that (a) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) David Thomas unreasonably failed to take advantage of any preventive or corrective opportunities provided by Brenner's Steakhouse, or to avoid harm otherwise.  If Brenner's Steakhouse proves (a) and (b), you must find for Brenner's Steakhouse.

## Question No. 1

Was David Thomas sexually harassed?

Answer "Yes" or "No."

Answer: _____No_____

If you answered "Yes" to Question No. 1, then answer the following Question.

## Question No. 2

A.  Did Brenner's Steakhouse exercise reasonable care to prevent and promptly correct any sexually harassing behavior?

Answer "Yes" or "No."

Answer: _____

B.  Did David Thomas unreasonably fail to take advantage of any preventive or corrective opportunities provided by Brenner's Steakhouse, or to avoid harm otherwise?

Answer "Yes" or "No."

Answer: _____

## CLAIMS OF RETALIATION

David Thomas claims Brenner's Steakhouse cut his hours and terminated him because he complained that he was sexually harassed by Eric Kresse.

Brenner's Steakhouse denies David Thomas's claims and contends that David Thomas's change in hours was not retaliatory and that he was terminated from employment because of unprofessional conduct towards a manager.

It is unlawful for an employer to retaliate against an employee for complaining about sexual harassment.

To prove unlawful retaliation, David Thomas must prove by a preponderance of the evidence that Brenner's Steakhouse would not have cut his hours or terminated him when it did but for the complaint that he was being sexually harassed by Eric Kresse.

For the purposes of his retaliation claim, David Thomas is not required to prove that the conduct about which he complained actually rose to the level of sexual harassment, only that he in good faith believed that it did.

David Thomas does not have to prove that unlawful retaliation was the sole reason Brenner's Steakhouse cut his hours or terminated David Thomas.

If you do not believe the reasons Brenner's Steakhouse has given for its decision to cut his hours or terminate David Thomas, you may infer Brenner's Steakhouse did so because David Thomas complained of sexual harassment.

**Question No. 3**

A.  Did Brenner's Steakhouse cut David Thomas's hours because David Thomas complained that he was being sexually harassed by Eric Kresse?

Answer "Yes" or "No."

Answer: __No__

B.  Did Brenner's Steakhouse terminate David Thomas because David Thomas complained that he was being sexually harassed by Eric Kresse?

Answer "Yes" or "No."

Answer: __No__

11

## DAMAGES

If David Thomas has proven his claim against Brenner's Steakhouse by a preponderance of the evidence, you must determine the damages to which David Thomas is entitled. You should not interpret the fact that I have given instructions about David Thomas's damages as an indication in any way that I believe that David Thomas should, or should not, win this case. It is your task first to decide whether Brenner's Steakhouse is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Brenner's Steakhouse is liable and that David Thomas is entitled to recover money from Brenner's Steakhouse.

Please answer this question only if: (1) you have answered "yes" to Question No. 1, and "no" to either Question No. 2A or 2B; and/or (2) you have answered "yes" to either Question No. 3A or 3B.

If you find that Brenner's Steakhouse is liable to David Thomas, then you must determine an amount that is fair compensation for all of David Thomas's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make David Thomas whole—that is, to compensate David Thomas for the damage that David Thomas has suffered.

You may award compensatory damages only for injuries that David Thomas proves were proximately caused by Brenner's Steakhouse's allegedly wrongful

conduct. The damages that you award must be fair compensation for all of David Thomas's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which David Thomas has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that David Thomas prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You must not award compensatory damages more than once for the same injury. For example, if David Thomas prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. David Thomas is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, you must compensate David Thomas fully for all of his damages.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find Brenner's Steakhouse is liable and David Thomas has suffered damages, David Thomas may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence David Thomas unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether David Thomas acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Brenner's Steakhouse has the burden of proving the damages which David Thomas could have mitigated. In deciding whether to reduce David Thomas's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Brenner's Steakhouse has satisfied its burden of proving David Thomas's conduct was not reasonable.

You should consider the following elements of damages, and none other, to the extent you find them proved by a preponderance of the evidence. Do not include interest on any amount of damages you find. Do not answer the question on damages for lost wages in the past if you have answered "no" to Question No. 3A or 3B.

**Question No. 4**

Damages resulting from conduct you found, if any, in response to Question No. 1.

Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages in the past

Answer: _____

**Question No. 5**

Damages resulting from conduct you found, if any, in response to Question No. 3A.

Answer in dollars and cents, if any:

(A)   Lost wages due to the cutting of his hours

Answer: _____

## Question No. 6

Damages resulting from conduct you found, if any, in response to Question No. 3B.

Answer in dollars and cents, if any:

(A)  Back Pay

Answer: _____

(B)  Emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages in the past

Answer: _____

## **VERDICT**

We, the jury, return the foregoing as our unanimous verdict.

_9/15/06_
Date

_[signature]_
Foreperson